APPEAL OF OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD.

Docket No. 3114. Promulgated April 26, 1927.

The petitioner filed its income and profits-tax return for 1917 on May 1, 1918, and the amount of tax shown thereby was duly assessed and collected. In March, 1923, an additional assessment for the year 1917 was made by the Commissioner. An abatement claim was filed which was rejected in part on March 9, 1925. The petitioner thereupon appealed to the Board of Tax Appeals on April 6, 1925, which appeal was pending before the Board on February 26, 1926. *Held*, under section 283(f) of the Revenue Act of 1926, the Board of Tax Appeals has jurisdiction thereof. *Held*, *further*, that the collection of any additional tax for the year 1917 is barred by the statute of limitations.

*James H. McIntosh, Esq.*, and *Lee J. Wolfe, C. P. A.*, for the petitioner.

*Arthur H. Fast, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income and profits tax for the year 1917 in the amount of $102,441.38.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of Great Britain and is engaged in the business of writing miscellaneous casualty and liability insurance. It is licensed to do business in the United States and it maintains an office for that purpose at New York.

The petitioner filed its income and profits-tax return for the year 1917 on May 1, 1918, the time for filing such return having been extended to that date by proper authority. Upon the basis of the return, tax was assessed in the amount of $25,004.37.

On February 17, 1923, the Commissioner advised the petitioner of a proposed additional assessment for the year 1917, in the amount of $151,767.34, and informed the petitioner that it would be granted 30 days within which to appeal from the proposed additional assessment. An appeal therefrom was duly filed by the petitioner on March 15, 1923.

On March 21, 1923, the Commissioner advised the petitioner by letter that an additional tax for the year 1917 in the amount of $151,767.34 would be assessed, but that a claim for abatement thereof would be entertained if an appeal were filed within 30 days from the receipt by the petitioner of the Commissioner's letter, which was as follows:

An examination of your income tax returns and of your books of account and records for the year 1917 discloses an additional tax liability of $151,767.34.

This assessment is in addition to all other outstanding and unpaid assessments appearing upon the Collector's lists.

The Bureau will, however, entertain a claim for abatement if an appeal is filed within thirty days of the receipt of this letter. The appeal attached to the claim should be filed with the Collector of Internal Revenue for your district and, be under oath, setting forth in full all information upon which you base your protest, and should be addressed to the Collector of Internal Revenue. On request a conference will be arranged prior to final decision. If an appeal is not filed, payment should be made upon receipt of notice and demand from the Collector of Internal Revenue for your district.

The additional tax referred to in the letters of February 17 and March 21, 1923, was assessed in the March, 1923, assessment list, and notice and demand for payment thereof were served on the petitioner on or about April 5, 1923. On April 11, 1923, the petitioner filed a claim for abatement of the additional tax assessment against it. After several hearings thereon the claim for abatement was allowed in part and rejected in part. The petitioner was notified of the Commissioner's action on the claim for abatement by letter dated March 9, 1925, which is as follows:

Reference is made to your income and excess profits tax returns for the calendar year 1917 and to your protest dated April 11, 1923.

You are advised that after a thorough review of your case, the Bureau holds that based upon comparative data available, the rate of 7.28% for excess profits tax purposes is equitable.

A redetermination of your tax liability in accordance with the above conclusion results in the following computation:

COMPUTATION OF TAX

| | | |
|---|---:|---:|
| Net income adjusted | | $992,320.87 |
| Excess profits tax, Section 210 | | 72,240.96 |
| Net income | $992,320.87 | |
| Less: Excess profits tax | 72,240.96 | |
| Amount taxable at 6% | $920,079.91 | 55,204.79 |
| Correct tax liability | | 127,445.75 |
| Previously assessed, original return #2755047 | | 25,004.37 |
| March, 1923, Page 8, Line 5, Special 30 | | 151,767.34 |
| Total | | 176,771.71 |
| Correct tax liability | | 127,445.75 |
| Overassessment | | 49,325.96 |

In accordance with the above conclusions, your claim for the abatement of $151,767.34 will be rejected for $102,441.38.

The Collector of Internal Revenue for your district will be officially notified of the rejection at the expiration of thirty days from the date of this letter.

Upon receipt of notice and demand from that official, payment should be made to his office in accordance with the conditions of his notice.

The overassessment shown above will be made the subject of a certificate of overassessment which will reach you in due course through the office of the Collector of Internal Revenue for your district and will be applied by that official in accordance with Section 281(a) of the Revenue Act of 1924.

This letter supersedes Bureau letter of June 28, 1924, notifying you of an overassessment of $26,659.37 for 1917.

The petitioner never consented in writing or otherwise to an assessment of any additional income or profits tax for the year ended December 31, 1917, nor to a determination of the assessment or collection of additional taxes after the expiration of five years after the time when the petitioner's 1917 tax return was filed, namely, May 1, 1918.

From the determination of the Commissioner as set forth in the letter of March 9, 1925, the petitioner appealed April 6, 1925.

### OPINION.

SMITH: The Commissioner in his answer to the taxpayer's petition herein alleges that he has not since the enactment of the Revenue Act of 1924 determined a deficiency in tax or imposed an assessment of additional tax for the year 1917 against the petitioner and that therefore the Board is without jurisdiction to hear and determine this appeal. Whatever merit this argument may have had prior to the enactment of the Revenue Act of 1926, it is clear that under the provisions of section 283(f) of that act the Board now has jurisdiction of the appeal. *Appeal of William A. Slater Mills, Inc.,* 5 B. T. A. 971.

The petitioner in its petition raises three issues, namely:

(1) That the assessment of the additional tax in March, 1923, was not a *determination* and *assessment* as provided by section 250(d) of the Revenue Act of 1921, and that the determination made by the Commissioner on March 9, 1925, was at that time barred by section 250(d) of the Revenue Act of 1921, since it was made more than five years after the date when the return was filed.

(2) That even if the assessment of March, 1923, was a valid assessment within the meaning of section 250(d) of the Revenue Act of 1921, collection of the tax is barred by the statute of limitations and the deficiency should be disallowed.

(3) That the Commissioner used improper comparatives in computing the taxpayer's excess-profits tax for the year 1917 under the provisions of section 210 of the Revenue Act of 1917.

The second allegation of error will be considered first. This is, in short, that the collection of any additional tax for 1917 is barred by the statute of limitations imposed by section 250(d) of the Reve-

nue Act of 1921 and that since its collection is barred the deficiency should be disallowed.

Facts substantially similar to those which obtain in the case at bar were before the court in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346. From the facts stated by the court in its opinion it appears that the New York & Albany Lighterage Co. filed its return of income and excess-profits tax for 1917 on March 26, 1918, and paid the amount shown due. Shortly before the expiration of five years after the return had been filed, the Commissioner assessed and the collector demanded payment of additional income and excess-profits taxes for the taxable year. The company refused payment. More than five years after the return had been filed the collector distrained and sold personal property of the respondent to pay the amount claimed. It was the decision of the court that the distraint proceeding was a " proceeding " within the meaning of section 250 (d) of the Revenue Act of 1921 and that by reason of the bar of the statute of limitations imposed by that section the tax had been illegally exacted and that it therefore should be recovered. See also *Ehrlich* v. *Nichols*, decided by the United States District Court, District of Massachusetts, March 4, 1927.

The decision in the *New York & Albany Lighterage Co.* case controls the situation here. The Commissioner is contending that a deficiency exists where the collection of the tax is barred by the statute of limitations, more than five years having elapsed from the date of the filing of the return to the date of the determination of the deficiency.

Discussion of the other allegations of error is unnecessary.

*Judgment will be entered for the petitioner.*