*1047 OPINION.
Smith :
The Commissioner in his answer to the taxpayer’s petition herein alleges that he has not since the enactment of the Revenue Act of 1924 determined a deficiency in tax or imposed an assessment of additional tax for the year 1917 against the petitioner and that therefore the Board is without jurisdiction to hear and determine this appeal. Whatever merit this argument may have had prior to the enactment of the Revenue Act of 1926, it is clear that under the provisions of section 283(f) of that act the Board now has jurisdiction of the appeal. Appeal of William A. Slater Mills, Inc., 5 B. T. A. 971.
The petitioner in its petition raises three issues, namely:
(1) That the assessment of the additional tax in March, 1923, was not a determimation and assessment as provided by section 250(d) of the Revenue Act of 1921, and that the determination made by the Commissioner on March 9, 1925, was at that time barred by section 250(d) of the Revenue Act of 1921, since it was made more than five years after the date when the return was filed.
(2) That even if the assessment of March, 1923, was a valid assessment within the meaning of section 250(d) of the Revenue Act of 1921, collection of the tax is barred by the statute of limitations and the deficiency should be disallowed.
(3) That the Commissioner used improper comparatives in computing the taxpayer’s excess-profits tax for the year 1917 under the provisions of section 210 of the Revenue Act of 1917.
The second allegation of error will be considered first. This is, in short, that the collection of any additional tax for 1917 is barred by the statute of limitations imposed by section 250(d) of the Reve *1048 nue Act of 1921 and that since its collection is barred the deficiency should be disallowed.
Facts substantially similar to those which obtain in the case at bar were before the court in Bowers v. New York & Albany Lighterage Co., 273 U. S. 346. From the facts stated by the court in its opinion it appears that the New York & Albany Lighterage Co. filed its return of income and excess-profits tax for 1917 on March 26, 1918, and paid the amount shown due. Shortly before the expi ration of five years after the return had been filed, the Commissioner assessed and the collector demanded payment of additional income and excess-profits taxes for the taxable year. The company refused payment. More than five years after the return had been filed the collector dis-trained and sold personal property of the respondent to pay the amount claimed. It was the decision of the court that the distraint proceeding was a “ proceeding ” within the meaning of section 250 (d) of the Revenue Act of 1921 and that by reason of the bar of the statute of limitations imposed by that section the tax had been illegally exacted and that it therefore should be recovered. See also Ehrlich v. Nichols, decided by the United States District Court, District of Massachusetts, March 4, 1927.
The decision in the New York & Albany Lighterage Co. case controls the situation here. The Commissioner is contending that a deficiency exists where the collection of the tax is barred by the statute of limitations, more than five years having elapsed from the date of the filing of the return to the date of the determination of the deficiency.
Discussion of the other allegations of error is unnecessary.

Judgment will be entered for the 'petitioner.